JORDAN LIPNER-RIZA     *     NO. 2024-C-0087

VERSUS     *

TIMOTHY AARON CAUSEY     *     COURT OF APPEAL

    FOURTH CIRCUIT

    * 

    STATE OF LOUISIANA

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-10372, DIVISION "G"
Honorable Veronica E. Henry,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)

Shaye R. Lirette
407 Huey P. Long Avenue
Gretna, LA 70053

     COUNSEL FOR RELATOR

Lee A. Heidingsfelder
650 Poydras Street
Suite 2050
New Orleans, LA 70130

     COUNSEL FOR RESPONDENT

            **WRIT GRANTED; RELIEF DENIED**
                 **MARCH 18, 2024**

Relator, Timothy Aaron Causey, seeks review of the district court's December 11, 2023 judgment, which denied his motion for new trial and further noted that the motion was untimely. A review of the record reflects that the district court did not err in denying Relator's motion for new trial. Accordingly, we grant Relator's writ, but deny the relief sought.

This matter arises out of the relocation of a minor child born to Relator and Respondent, Jordan Lipner-Riza. After Respondent filed a *Motion to Relocate Principal Residence of the Minor Child and Request for Expedited Preliminary Hearing* ("motion to relocate"), the matter proceeded to trial on October 16, 2023. The district court granted Respondent's motion to relocate and judgment was signed on November 9, 2023; the notice of signing of judgment was issued on November 13, 2023. Relator asserts that he timely filed his motion for new trial, via facsimile, on November 22, 2023. The district court summarily denied the motion for new trial on December 11, 2023, and further noted that the motion was untimely.

Louisiana Code of Civil Procedure article 1974 provides that "[a] party may file a motion for a new trial not later than seven days, exclusive of legal holidays,

1

after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913." Additionally, Louisiana Revised Statutes 13:850(B) provides that "[w]ithin seven days, exclusive of legal holidays, after the clerk of court received the facsimile filing," the filing party is required to provide the clerk of court with: (1) the original document identical to the facsimile filing; (2) fees for the facsimile filing and filing of the original document; and (3) a transmission fee of five dollars.

In his writ application to this Court, Relator asserts that he filed his motion for new trial with the district court, via facsimile, on November 22, 2023, and the original pleading was filed electronically on December 4, 2023.[1] Applying the applicable laws, Relator had until November 22, 2023, to file his motion for new trial, and seven days thereafter to provide the clerk of court with the original pleading and fees. Due to the intervening legal holidays—Thanksgiving Day, Acadian Day, Saturday and Sunday—the first date of the seven-day period was November 27, 2023. Thus, Relator had until December 5, 2023, to provide the clerk of court with the original pleading and applicable fees. Consequently, our review of the record shows that Relator's motion for new trial was filed timely.

Having found that Relator's motion for new trial was timely. We now turn to the merits of Relator's motion.

> Under the Code of Civil Procedure, the grounds on which a motion for new trial may be granted are divided into two categories— peremptory and discretionary. The peremptory grounds are set forth in La. C.C.P. art. 1972, which provides that the granting of a new trial is mandatory in the following three instances: (1) when the verdict or

---

[1] Relator also attached the following to his writ application: (1) Exhibit A – district court's October 16, 2023 judgment; (2) Exhibit B – motion for new and fax confirmation; (3) Exhibit C – fax filing receipt from Orleans Parish Clerk of Court; (4) Exhibit D – original motion for new trial; (5) Exhibit E – notice of intent to file supervisory writ; (6) Exhibit F – judgment on the motion for new trial; and (7) Exhibit G – judgment on notice of intent.

judgment appears clearly contrary to the law and evidence; (2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; and (3) when the jury was bribed or has behaved improperly so that impartial justice has not been done. The discretionary grounds are set forth in La. C.C.P. art. 1973, which provides that the [district] court has discretionary authority to grant a new trial "in any case if there is good ground therefore, except as otherwise provided by law."

The applicable standard of review in ruling on a motion for new trial is whether the [district] court abused its discretion. The abuse of discretion standard applies regardless which ground—peremptory or discretionary—the new trial motion is based upon. "The abuse of discretion standard is highly deferential, but a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law."

Although La. C.C.P. art. 1976 refers to a hearing on a motion for new trial, the jurisprudence has recognized a well-settled exception under which a trial court may summarily deny a motion for new trial. The jurisprudential exception applies "in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial." As a general rule, the [district] court may summarily deny a motion for new trial if the motion simply reiterates issues thoroughly considered at trial.

*Autin v. Voronkova*, 15-0407, pp. 3-5 (La. App. 4 Cir. 10/21/15), 177 So.3d 1067, 1069-70.

In his motion for new trial, Relator asserts that two of the grounds, set forth in La. C.C.P. art. 1972, are applicable in this matter: (1) the judgment was contrary to the law and the evidence; and (2) since the trial, Relator discovered evidence, which he could not, with due diligence, have obtained before or during the trial. However, Relator failed to offer any arguments specific to the facts of this case that would warrant the granting of a new trial.

First, Relator did not provide a basis for his argument that the district court's judgment was contrary to the law and the evidence. Moreover, Relator failed to articulate any newly discovered evidence to support his argument of Respondent's

anticipated non-compliance with the requirements of the relocation statutes[2] and applicable case law.

Based on our review of the record, we find Relator failed to make an adequate showing to invoke a contradictory hearing or to receive a new trial on the grounds alleged. Thus, despite Relator's motion for new trial being timely filed, we conclude that the district court did not abuse its discretion in summarily denying Relator's motion. *See Autin*, 15-0407, p. 5, 177 So.3d at 1070.

**WRIT GRANTED; RELIEF DENIED**

---

[2] *See* Louisiana Revised Statutes 9:355.1 *et seq*.